IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

**FILED**

**3:25 pm, 12/30/25**

**Margaret Botkins
Clerk of Court**

SHUANG ZHU CHEN,

Petitioner,

vs.

IMMIGRATION AND CUSTOMS
ENFORCEMENT AND REMOVAL
OPERATIONS DENVER FIELD
OFFICE DIRECTOR, *in his official
capacity*, also known as, Robert Guadian,

Respondent.

Case No.  25-CV-282-KHR

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

THIS MATTER is before the Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner, Shuang Zhu Chen. [ECF 1].  The Court, having read the petition, response, and being otherwise fully advised finds that Mr. Chen's petition must be GRANTED.

### *BACKGROUND*

Mr. Chen entered the United States in 1999. [ECF 4 p. 2].  In 2004, an Immigration Judge ordered Mr. Chen removed from the United States and in 2005, the Board of Immigration Appeals affirmed the IJ's decision and dismissed Mr. Chen's appeal. [ECF 4 p. 2].  The United States Immigration and Customs Enforcement detained Mr. Chen on March 20, 2008, to execute his removal from the United States. [ECF 4 p. 2].  In April of 2008, ICE submitted a request for a travel document from the Chinese consulate.  [ECF 4

p. 2]. The Chinese consulate denied the request because it could not verify Mr. Chen's identity. [ECF 4 p. 2]. Mr. Chen worked with ICE to provide additional evidence of his identification to the Consulate of China. [ECF 4 p. 2]. On August 19, 2008, ICE conducted a Post-Order Custody Review (POCR) and determined it would not continue to detain Mr. Chen because removal to China was impracticable. [ECF 4 p. 2]. ICE released Mr. Chen subject to an Order of Supervision on August 29, 2008. [ECF 4 p. 2].

On June 8, 2025, ICE detained Mr. Chen and on July 18, 2025, he was sent to the Natrona County Detention Center in Casper, Wyoming. [ECF 1 ex 1 p. 3]. When ICE took Mr. Chen into custody, officials went over his country of citizenship, nationality, how he entered the United States, his criminal history, his military history (if any), and the status of his immediate family in the United States. [ECF 4 p. 3]. ICE then processed Mr. Chen as an alien subject to a final order of removal and served him with a copy of his warrant for arrest and his final order of removal. [ECF 4 p. 3]. The government states it sent travel document request forms to Mr. Chen in the Natrona County Jail on November 23, 2025, but it is unclear whether he was properly served with the documents. [ECF 4 p. 3]. There is currently a POCR pending final adjudication by ICE officials and ICE states it served Mr. Chen with travel document request forms between December 23, 2025 and December 24, 2025 to complete for submission to the Consulate of China. [ECF 4 p. 4].

On December 9, 2025, Mr. Chen filed his petition, asserting he has been held beyond the statutory allowance without being told when his removal process would begin. [ECF 1 p. 6]. He argues continued detention is unnecessary as he has fully cooperated with ICE since being ordered removed in 2008. [ECF 1 p. 6]. He further states the conditions in

which he is being held are exacerbating preexisting health conditions. [ECF 1 p. 6].  He seeks release under an Order of Supervision while the government coordinates removal to China. [ECF 1 ex. 1 p. 3]

The Court ordered the government to respond and show cause why Mr. Chen's petition should not be granted.  The government responded, asserting he had been detained for six and a half months, a POCR was pending, and travel documents had been provided to Mr. Chen for submission to China for their consideration. [ECF 4 p. 6].

### *DISCUSSION*

A writ of habeas corpus under 28 U.S.C. § 2241 may be granted to an individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  When a noncitizen is ordered removed, generally, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a). That ninety-day period is known as the "removal period." *Id.*   Where the government fails to remove a noncitizen within the removal period, further detention is authorized when the noncitizen is: "(1) 'inadmissible' under certain grounds, (2) 'removable' as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, (3) or has been 'determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Salad v. Dep't of Corr.*, 769 F. Supp. 3d 913, 920 (D. Alaska 2025) (citing *Zadvydas*, 533 U.S. at 682); 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the removal period. 533 U.S. 678, 683 (2001).  It held, however, that "once removal is no

longer reasonably foreseeable, continued detention is no longer authorized by the statute."

*Id.* at 699. According to the Court, the basic question a habeas court must decide is whether

"the detention in question exceeds a period reasonably necessary to secure removal." *Id.* It

found a presumptively reasonable detention period of six months. *Id* at 701. After six

months,

> once the alien provides good reason to believe that there is no
> significant likelihood of removal in the reasonably foreseeable
> future, the Government must respond with evidence sufficient
> to rebut that showing. And for detention to remain reasonable,
> as the period of prior postremoval confinement grows, what
> counts as the 'reasonably foreseeable future' conversely would
> have to shrink.

*Id*.

The government states that Mr. Chen has been detained post-removal order for six

and a half months. [ECF 4 p. 6]. Multiple courts, including within the Tenth Circuit, have

determined that "the clock does not 'start over' for purposes of *Zadvydas* if a person is re-

detained." *Jimenez Chacon v. Lyons*, No. 2:25-CV-977-DHU-KBM, 2025 WL 3496702,

at *7 (D.N.M. Dec. 4, 2025) (compiling cases). Here, Mr. Chen was detained from March

20, 2008, until August 29, 2008. [ECF 4 ex. 1 pp. 2-3]. Thus, he was detained for five

months in 2008 and an additional six and a half months since his re-detention on June 8,

2025, for an arguable total of eleven and a half months. Under either calculation, he has

been detained past the six month presumptively reasonable detention period considered by

the Supreme Court in *Zadvydas*. 533 U.S. at 701; *Clark v. Martinez,* 543 U.S. 371, 386–

87, 125 S. Ct. 716, 727, 160 L. Ed. 2d 734 (2005); *see also e.g.*, *Moreno v. Bondi,* No. 25-

3168-JWL, 2025 WL 2926547, at *3 (D. Kan. Oct. 15, 2025) (petitioner held in post-

4

removal order detention for seven and a half months entitled to habeas relief); *Mohammad Momennia, Petitioner, v. Pamela Bondi, Att'y Gen., et al., Respondents*., No. CIV-25-1067-J, 2025 WL 3011896, at *7 (W.D. Okla. Oct. 15, 2025) Report and Recommendation Adopted  at No. CV 25-1067-J, 2025 WL 3006045, at *2 (W.D. Okla. Oct. 27, 2025) (granting habeas relief where petitioner held for six and a half months post-removal order); *Bryan Anduaga-Colin, Petitioner, v. Pamela Bondi, Att'y General; Kristi Noem, Sec'y, Dep't of Homeland Security; Samuel Olson, Dir., ICE Field Office; & C. Carter, Warden, FCI-Leavenworth, Respondents.*, No. 25-3151-JWL, 2025 WL 2926546, at *3 (D. Kan. Oct. 15, 2025) (petitioner detained for eight months post-removal order entitled to habeas relief).

The government gives no explanation for its decision to re-detain Mr. Chen in June. Mr. Chen states he was fully compliant with the conditions of his previously issued supervised release, including regular check-ins with ICE, and the government does not contest his assertion. [ECF 1 ex. 1 p. 3].  While on supervised release, Mr. Chen worked, maintained a stable residence, contributed to his community, supported his family (including two U.S. citizen children), and paid his taxes. [ECF 1 ex. 1 p. 3].  The government does not contend a recent change occurred making removal significantly likely in the reasonably foreseeable future.  Rather, it appears everything is much as it has been for the previous seventeen years.  The government states Mr. Chen is detained pending his removal to China, but it cannot give a timeline for that removal.  [ECF 4 ex. 1 p. 4].  The government admits that it does not have the requisite documentation to remove Mr. Chen to China. [ECF 4 ex. 6].  Further, after re-detaining Mr. Chen, the government made no

effort to obtain the requisite travel documents for the first five and a half months of his detention, and when it did, did not properly serve that request on Mr. Chen. [ECF 4 ex. 1 p. 4]. It did not re-request the information until after the six-month period had elapsed. [ECF 4 p. 6].

There is nothing in the government's response that would require Mr. Chen's continued detention under 8 U.S.C. § 1231(a)(6). The government has provided no viable support to this Court that would legally allow Mr. Chen's continued detention while it seeks the same documents necessary for removal that it has been seeking for the previous seventeen years. Because Mr. Chen's removal is not reasonably foreseeable, "continued detention is unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700.

### *CONCLUSION*

Mr. Chen's continued detention is unlawful. The Court, therefore, **GRANTS** his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF 1]. A Writ shall issue.

**IT IS FURTHER ORDERED** Respondents shall release Petitioner from custody, within **24 HOURS** of this Order and restore Petitioner's Order of Supervision under the same terms as were in place before June 8, 2025. Respondents shall provide notice to the Court immediately upon Petitioner's release.

Dated this 30th day of December, 2025.

_____
Kelly H. Rankin
United States District Judge